**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTEMISA B. LOPEZ RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   19-72979

Agency No. A208-304-583

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025[**]
Portland, Oregon

Before:  McKEOWN and SUNG, Circuit Judges, and FITZWATER,[***] District
Judge.

Artemisa Lopez Ramirez ("Lopez Ramirez") petitions for review of the

Board of Immigration Appeals' ("BIA's") order affirming the immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

("IJ's") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition.

1.     The agency did not err in denying Lopez Ramirez's applications for asylum and withholding of removal. When an applicant seeks asylum or withholding of removal based on membership in a "particular social group" ("PSG"), the applicant must demonstrate (1) "the existence of a cognizable particular social group," (2) "his membership in that particular social group," and (3) "a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014)). Here, the sole ground on which the BIA affirmed the IJ's denial of asylum and withholding was Lopez Ramirez's failure to demonstrate membership in her two proposed PSGs, (1) "Mexican women in a domestic relationship that they are unable to leave" and (2) "Mexican women viewed as property."

Substantial evidence supports the agency's determination that Lopez Ramirez was not a member of the two proposed PSGs. *See Hernandez-Montiel v.*

*I.N.S.*, 225 F.3d 1084, 1091 (9th Cir. 2000) (whether applicant "is a member of a particular group is a question of fact, to which we apply the substantial evidence test"), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005).  Lopez Ramirez was able to end her relationship with her ex-partner and stop living with him with the support of her own mother, her ex-partner's mother, and other members of the community in which she lived.  Additionally, when Lopez Ramirez's friend called the police after her confrontation with her ex-partner at the restaurant, the police arrived and helped her.  Although Lopez Ramirez's ex-partner periodically harassed her after she left him, Lopez Ramirez never resumed a relationship with him.  She went on to enter a new relationship and marriage.

2.      The agency also did not err in denying Lopez Ramirez's application for relief under CAT.  To establish entitlement to CAT protection, an applicant must show, inter alia, that she would be face torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" in the proposed country of removal.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).  The sole ground on which the BIA affirmed the IJ's denial of CAT relief was for failure to demonstrate that a government actor would acquiesce in her torture (assuming she demonstrated she

would likely be subjected to torture).

Substantial evidence supports the agency's determination. Country condition reports in the record show that the Mexican government was taking steps to combat domestic violence. The general ineffectiveness of those efforts is not enough to show acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Further, the agency properly relied on evidence that the police responded to a call and assisted Lopez Ramirez and that an elected official ordered Lopez Ramirez's ex-partner to "leave [her] alone." Although the police did not arrest the ex-partner, and a prosecutor declined to bring charges against him, that evidence does not compel a contrary conclusion.

**PETITION DENIED.**